**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| GEOFF JOHNSON,<br><br>Plaintiff,<br>v.<br><br>NORTH EAST RESPONSE SERVICES LLC.,<br><br>Defendant. | Civil Case No. |

# COMPLAINT AND JURY DEMAND

The plaintiff, Geoff Johnson ("Plaintiff"), by his undersigned attorneys, Rath, Young, and Pignatelli, P.C., for his complaint against the defendant North East Response Services LLC ("Defendant") alleges as follows:

## SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501 *et seq*. Plaintiff seeks punitive damages in an amount to be established at trial.

## PARTIES

2. Plaintiff is an individual residing in and doing business in Omaha, Nebraska.

3. Upon information and belief, Defendant is a limited liability company organized under the law of New Hampshire with a place of business at 1 Main Street, Littleton, NH 03561.

## JURISDICTION AND VENUE

4. This is a civil action in which Plaintiff is seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.,* 28 U.S.C. § 1331 (federal question jurisdiction),

and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper because Defendant is, upon information and belief, conducting business in and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district. Venue is further proper pursuant to 28 U.S.C. § 1400(b) because the Defendant committed the acts of infringement and conducts business in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. Plaintiff's Business

7. Plaintiff is professional photographer based in the Omaha, Nebraska in the business of licensing his photographs for a fee.

8. Plaintiff is the original author of the photographic image attached hereto as Exhibit A (collectively, the "Copyrighted Work").

9. The Copyrighted Work is an original work of authorship created by Plaintiff.

10. Plaintiff's intellectual property is very important to his livelihood. As a result, he typically includes copyright management information in the metadata of his work.

11. Plaintiff publicly displayed the Copyrighted Work with a gutter credit underneath his photo on an article entitled "Photographer Returns to His Childhood Home Where He Lived With His Mother, a Compulsive Hoarder". See: https://www.featureshoot.com/2015/04/photographer-returns-to-his-childhood-home-where-he-lived-with-his-mother-a-compulsive-hoarder/. A copy of the articles is attached in Exhibit B.

12. Plaintiff obtained a registration with the United States Copyright Office for the Copyrighted Work. Attached hereto as Exhibit C is a copy of the certificate for Registration

Number VA 2-127-583 obtained from the United States Copyright Office.

**B. Defendant's Unlawful Activities**

13. Upon information and belief, Defendant owns and operates a website, located at the URL www.CleanWayServices.com where Defendant uses various media including high quality, alluring photographic images, such as those belonging to Plaintiff, to draw internet users to visit the website and to entice users to use their services.

14. Plaintiff discovered instances in which Defendant was using the Copyrighted Work to grow viewership at Defendant's website, infringing Plaintiff's exclusive copyrights in the Copyrighted Work by reproducing, distributing, and publicly displaying the Copyrighted Work at the following web page: https://www.cleanwayservices.com/hording-disorder/

15. Upon information and belief, Defendant's reproduction, distribution, and public display of the Copyrighted Work was without Plaintiff's permission and conducted with full knowledge that Defendant did not have such permission or with reckless disregard for the lawful need of such permission. A copy of a screenshots demonstrating Defendant's unauthorized use are attached hereto as Exhibit D.

**FIRST CLAIM FOR RELIEF**
**(Direct Copyright Infringement)**

16. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

17. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

18. Plaintiff owns all rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

19. Upon information and belief, as a result of Plaintiff's reproduction, distribution

and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to Defendant's use of the Copyrighted Work at the Infringing Website.

20. By its actions, as alleged above, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Registered Copyrighted Work.

21. Upon information and belief, Defendant's infringement of Plaintiff's copyright is willful and deliberate and Defendant profited at the expense of Plaintiff.

22. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover its actual and punitive damages resulting from Defendant's uses of the Registered Copyrighted Works in an amount to be proven at trial.

23. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION U.S.C. § 1202)**

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-23 above.

21. Upon information and belief, in its article on the Website, Defendant copied the Photograph from https://www.featureshoot.com/2015/04/photographer-returns-to-his-childhood-home-where-he-lived-with-his-mother-a-compulsive-hoarder/which contained a gutter credit underneath the Photograph stating "© Geoff Johnson" and intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

22. The conduct of Defendant violates 17 U.S.C. § 1202(b).

23. Upon information and belief, Defendant falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendant intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Defendant also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

25. As a result of the wrongful conduct of Defendant as alleged herein, Plaintiff is entitled to recover from Defendant the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Defendant because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

26. Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Defendant be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Defendant be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 24, 2021

Respectfully submitted,

By: /s/ *R. Terry Parker*

RATH, YOUNG AND PIGNATELLI P.C.
R. Terry Parker, Esq.
One Capital Plaza
Concord, New Hampshire
Tel.: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Geoff Johnson*